NOT FOR PUBLICATION

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | Crim. No. 04-845 (SRC) |
| v. : | |
| : | **OPINION & ORDER** |
| ANTHONY MOULTRIE, : | |
| Defendant. : | |

**CHESLER**, District Judge

      This matter comes before the Court on the motion by Defendant Anthony Moultrie ("Defendant" or "Moultrie") for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (docket items # 53 and 56). In particular, Moultrie seeks a reduction based on the retroactive applicability of revised sentencing guidelines for offenses involving cocaine base, i.e., crack cocaine, as set forth in U.S.S.G. § 1B1.10 and § 2D1.1. The Court has considered Defendant's papers, as well as the papers submitted in response by the United States of America (the "Government") and the memorandum by the United States Probation Office ("Probation Office") setting forth its position on Defendant's motion. Both the Government and Probation Office take the position that Moultrie is eligible for relief under § 3582(c)(2). For the reasons discussed below, the Court will grant Defendant's motion and reduce his sentence according to the revised guidelines.

**I.     BACKGROUND**

By Judgment dated June 20, 2005, this Court sentenced Moultrie to a term of 75 months' imprisonment for the crime of conspiracy to distribute and possession with intent to distribute a quantity of crack cocaine between 50 and 150 grams, in violation of 21 U.S.C. § 846. (Docket item # 52). At the time of Moultrie's sentencing, this quantity corresponded to a base offense level of 32 according to the United States Sentencing Guidelines ("Sentencing Guidelines"). The Court adjusted Moultrie's offense level to 29 for acceptance of responsibility, with a resulting guideline range of 151 to 188 months' imprisonment. At the June 16, 2005 sentencing hearing, the Court also granted the Government's motion for a downward departure pursuant to U.S.S.G. § 5K1.1, determining that a sentence approximately 50% below the low end of the guideline range was reasonable and appropriate.

After this Court sentenced Moultrie, the United States Sentencing Commission amended Section 2D1.1 of the Sentencing Guidelines to reduce the base offense levels for most quantities of crack cocaine by two levels. The Sentencing Commission included the amendment in its list of guideline amendments which may be applied retroactively, set forth in Section 1B1.10(c) of the Sentencing Guidelines. The base offense level for crimes involving the amount of crack cocaine involved Moultrie's offense was lowered two levels, which would have lowered Moultrie's total offense level to 27 and decreased the sentencing guideline range to 130 to 162 months.

On March 24, 2008, Moultrie filed this motion for a reduction of sentence, pursuant to 18 U.S.C. § 3582(c), seeking relief under the retroactively applicable sentencing amendment. (Docket item # 53). Counsel filed papers on his behalf on April 29, 2008. (Docket item # 56).

**II.    DISCUSSION**

Section 3582(c)(2) provides that

> [I]n the case of a defendant who has been sentenced to a term of imprisonment <u>based on a sentencing range that has subsequently been lowered by the Sentencing Commission</u> pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2) (emphasis added).

The Court finds that relief under § 3582(c) is warranted in this case. Moultrie was sentenced based on a range that was subsequently lowered by the Sentencing Commission. The Court will reduce Moultrie's sentence consistent with the retroactively applicable revise Sentencing Guidelines. A reduced base offense level of 30 applies to Moultrie's offense pursuant to the amendment. Combining this base offense level with the three-level downward departure applied by the Court at Moultrie's original sentencing results in a new total offense level of 27. The Court bases its sentence reduction on the guideline range of 130 to 162 months, which corresponds to the now-applicable total offense level of 27.

The reduced sentence the Court will impose on Moultrie must take into account the § 5K1.1 downward departure the Court granted in connection with Moultrie's original sentencing. Further, it will adjust the sentence in the same manner as the Court did with respect to the sentence imposed on June 20, 2005. In other words, the § 5K1.1 downward departure will result

3

in a sentence that is 50% of the low end of the applicable guideline range, or 65 months. Thus, pursuant to 18 U.S.C. § 3582, the Court reduces Moultrie's sentence to a term of imprisonment of 65 months.

Accordingly,

**IT IS** on this 30th day of May, 2008,

**ORDERED** that Defendant's motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (docket items # 53 and 56) be and hereby is **GRANTED**; and it is further

**ORDERED** that the sentence imposed on Anthony Moultrie on June 20, 2005 for the offense of conspiracy to distribute and possession with intent to distribute (docket item # 52) be and hereby is reduced to a term of 65 months; and it is further

**ORDERED** that the Judgment entered by the Court on June 20, 2005 in this case (docket item # 52) remains otherwise unchanged and in effect.

                                                s/ Stanley R. Chesler
                                                STANLEY R. CHESLER
                                                United States District Judge